UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JAN 19 2016

| | |
|---|---|
| RANDY RINDAHL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. YOUNG, Warden;<br>J. WAGNER, Deputy Warden;<br>T. Ponto, Assoc. Warden;<br>A. Allcock, Assoc. Warden;<br>M. Carpenter, Medical Director;<br>R. Regier, Doctor;<br>B. Adams, PA-C;<br>J. Schreurs, Registered Nurse;<br>IMAGE CONSULTING<br>FIRM/ADMINISTRATORS UNKNOWN<br>DOCTOR, Image Consulting Firm,<br><br>　　　　Defendants. | 4:15-CV-04182-RAL<br><br><br><br>ORDER DENYING<br>PENDING MOTIONS |

Plaintiff, Randy Rindahl ("Rindahl"), filed this lawsuit pursuant to 42 U.S.C. § 1983 and moved to waive his filing fee. Doc. 1; Doc. 3. This Court denied that motion. Doc. 9. Rindahl now moves this Court to reconsider its order. Rindahl also has pending a motion for Class Certification with Appointment of Counsel, Doc. 6, and a Motion to Change Venue. Doc. 7. Rindahl's underlying claim is that he has not received adequate medical care.

The Federal Rules provide the following regarding grounds for relief from a final judgment or order:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A district court's decision on a motion for reconsideration rests within its discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 414.

Construing Rindahl's motion for reconsideration liberally, none of his claims fall within the confines of Rule 60. In his motion, Rindahl merely restates the claim that he is not required to pay his filing fee because he is not classified as a prisoner under South Dakota law and has made a § 1915(g) showing of imminent danger. The Court finds both of these arguments unpersuasive.

Due to policy considerations set forth in the Prison Litigation Reform Act (PLRA), joint prisoner litigation is disfavored. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (holding that the PLRA preempted Rule 20 provisions regarding joinder so as to prevent IFP prisoners from litigating jointly). Class action litigation is not contemplated by the PLRA, and Rindahl's complaint does not set forth a viable class action case.

Rindahl's request to change venue to the Northern Division of the District of South Dakota is misplaced. He is incarcerated within the Southern Division and that is where many, if not all, Defendants reside. Moreover, the District of South Dakota is one venue, with divisions created by Congress for administration of this venue.

Finally, Rindahl is not entitled to appointed counsel as a party filing a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). If he pays the filing fee and his case survives screening, this Court might consider appointing counsel. Accordingly, it is hereby

ORDERED that Rindahl's motion for reconsideration (Doc. 10) is denied.

ORDERED that Rindahl shall pay the full filing fee of $400.00 to the clerk of court by **February 10, 2016**, or the case will be dismissed without prejudice. It is finally

3

ORDERED that Rindahl's Motion for Class Certification with Appointment of Counsel, Doc. 6, is denied without prejudice, and that Rindahl's Motion to Change Venue, Doc. 7, is denied.

Dated January 19th, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE